1    RYAN L. EDDINGS, Bar No. 256519
     LITTLER MENDELSON, P.C.
2    5200 North Palm Avenue, Suite 302
     Fresno, California 93704.2225
3    Telephone:   559.244.7500
     Facsimile.:   559.244.7525
4    Email:        reddings@littler.com

5
     Attorneys for Defendant
6    PORVEN, LTD. dba PORCELANOSA USA

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10   LAURA GUTIERREZ,                          Case No.

11                  Plaintiff,                 **NOTICE OF REMOVAL OF CIVIL
                                               ACTION TO FEDERAL COURT**
12          v.

13   PORVEN, LTD., dba PORCELANOSA
     USA, a Delaware Corporation; and DOES     Action filed in State Court: January 21, 2021
14   1through 100, inclusive,                  Orange County Superior Court
                                               Case No. 30-2021-01180417-CU-WT-CJC
15                  Defendants.

16

17          **TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE PARTIES'**

18   **COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** Defendant PORVEN, LTD. Dba

19   PORCELANOSA USA ("PORVEN" or "Defendant"), by and through the undersigned counsel, and

20   pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this lawsuit from

21   the Superior Court of the State of California, County of Orange, to the United States District Court for

22   the Central District of California (the "Notice of Removal"). In support of its Notice of Removal,

23   Defendant respectfully submits to this Honorable Court the following information:

24                  **STATEMENT OF JURISDICTION (DIVERSITY)**

25          1.      Removal jurisdiction exists because this Court has original jurisdiction over

26   Plaintiff LAURA GUTIERREZ's ("Plaintiff") Complaint pursuant to 28 U.S.C. § 1332, and which

27   may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which neither

28   Plaintiff nor any Defendant are citizens of the same state and in which the amount in controversy

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Notice of Removal of Civil Action to Federal Court

exceeds $75,000, exclusive of interest and costs (Diversity Jurisdiction). Here, Plaintiff was a citizen of California at the time the Complaint was filed in the Orange County Superior Court and is not currently a citizen of Delaware or Florida. At the time Plaintiff's Complaint was filed, and also as of the time of this Removal, Defendant is a Delaware corporation with its principal place of business in Coral Gables, Florida. Further, the amount in controversy exceeds $75,000 in that Plaintiff's Complaint seeks economic damages, non-economic damages, attorney's fees, and punitive damages. As set forth herein, this case meets all of the requirements for removal, is timely, and is properly removed by the filing of this Notice.

## STATE COURT ACTION

2. On or about January 21, 2021, Plaintiff filed this action in the Orange County Superior Court, titled *Laura Gutierrez v. Porven Ltd., dba Porcelanosa USA, a Delaware Corporation; and DOES 1-100, inclusive,* Case Number 30-2021-01180417-CU-WT-CJC (the "Complaint"), which is attached hereto as Exhibit A. The Complaint was served on Defendant on January 26, 2021. See concurrently-filed Declaration of Ryan L. Eddings ("Eddings Decl."), at ¶ 2.

3. Plaintiff's Complaint purports to assert ten causes of action against Defendant for: (1) pregnancy discrimination in violation of California Government Code section 12940(a); (2) sex discrimination in violation of California Government Code section 12940(a); (3) failure to prevent harassment, discrimination, or retaliation in violation of California Government Code section 12940(k); (4) wrongful termination in violation of California public policy; (5) intentional infliction of emotional distress; (6) failure to pay overtime wages; (7) failure to pay all wages due at the time of separation from employment; (8) failure to furnish accurate wage statements; and (9) unfair business practices.

4. Defendant filed a General Denial and Affirmative Defenses to Plaintiff's Complaint on or about February 24, 2021. A true and correct copy of the General Denial and Affirmative Defenses to Plaintiff's Complaint is attached hereto as Exhibit B.

5. The remaining submissions in this action remaining on file with the Orange County Superior Court are attached hereto as Exhibit C.

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

**TIMELINESS OF NOTICE OF REMOVAL**

6.      An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served her Complaint on January 26, 2021. Eddings Decl., at ¶ 2. Therefore, Defendant can remove this action up through February 25, 2021. *See* FED. R. CIV. P. 6(a) (explaining that "the last day of the period shall be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

**VENUE**

7.      Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Central District of California insofar as Defendant conducts business within Orange County, California, which is where Plaintiff was employed, where the instant action was originally filed, and which is within this Court's jurisdiction.

**NOTICE TO PLAINTIFF**

8.      As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff. See Defendant's Notice to Plaintiff of Removal to Federal Court, attached hereto as Exhibit D.

**NOTICE TO THE SUPERIOR COURT**

9.      Defendant also filed its Notice of Removal with the Clerk of the Orange County Superior Court, attached hereto as Exhibit E.

**FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION**

10.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff claims that she is entitled to an award in excess of $75,000 as result of Defendant's alleged conduct.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

**A.    Citizenship of Parties**

11.    Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California. *See* Complaint, ¶ 1 ("Plaintiff Gutierrez is, and at all times herein mentioned was, a resident of the County of Orange, California.")  Defendant is informed and believes and thereon alleges that at the time Plaintiff's Complaint was filed, and also as of the time of this Removal, Plaintiff is not a citizen of Florida or Delaware.

12.    Defendant is a corporation duly organized and existing under the laws of the State of Delaware, and it maintains its principal place of business in Coral Gables, Florida. *See* Eddings Decl., ¶ 5, Ex. A thereto.  Defendant is not a citizen of California.

**B.    Amount in Controversy**

13.    "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a "legal certainty" that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing to *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996); see also 28 U.S.C. § 1446(c)(2) (generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.") In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S/ v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Gonzalez v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive damages are included in determining the amount in controversy). Moreover, the removing defendant is only required to establish that the plaintiff's total damages "more likely than not" exceed the jurisdictional amount. *Sanchez, supra*, 102 F.3d at 399.

14.    Here, Defendant reasonably and in good faith believes that the amount put in

4.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Notice of Removal of Civil Action to Federal Court

controversy herein exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Plaintiff seeks an award of general damages, special damages, punitive damages, and attorney's fees.

15.    Should Plaintiff prevail on her claims for violations of the California Government Code, the California Labor Code, the California Business and Professions Code, and wrongful termination in violation of public policy, she would be entitled to recover the amount she would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607 (1970). Here, Plaintiff alleges that Defendant employed Plaintiff from March 29, 2014 through July 21, 2020. Complaint, ¶¶ 7, 11. Plaintiff alleges that Defendant employed her in the Outside Sales Department. Complaint, ¶ 7. Plaintiff alleges that her starting base salary was $65,000 annually. Complaint, ¶ 7. Plaintiff seeks lost income from the date of her termination on or about July 21, 2020, through to the present and into the future. *See* Complaint, ¶ 12 ("As a consequence of Defendant's conduct, Plaintiff Gutierrez has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties… in a sum to be proven at trial.") As of the date of this Notice of Removal, it has been approximately 31 weeks since Plaintiff's separation from employment with Defendant. Given Plaintiff's allegation that her starting base salary was $65,000 annually, Plaintiff alleges she earned at least $1,250 per week. Given Plaintiff's rate of pay, Plaintiff alleges to have suffered at least $38,750 in damages in the form of lost income alone as of the date of this filing ($1,250 per week x 31 weeks), with damages continuing into the future through trial at the rate of at least $1,250 per week.

16.    Likewise, Plaintiff seeks unpaid overtime premiums. Plaintiff alleges she went on a medical leave starting on or about March 31, 2020. Complaint, ¶ 11. Plaintiff alleges that she "regularly worked 50-60 hours" each week, and was not paid overtime premiums. Complaint, ¶ 11. Given Plaintiff's allegation that her base salary was at least $65,000 per year, Plaintiff's hourly rate was at least $31.25 ($65,000 per year ÷ 2,080 hours). Given these numbers, Plaintiff's overtime rate would be $46.88 ($31.25 per hour x 1.5). If Plaintiff worked 10 hours of overtime per week for three years, she would claim 1,560 hours in unpaid overtime (10 hours of overtime per week x 52 weeks x 3 years). As a result, Plaintiff alleges she is owed overtime premiums of at least $73,132.80 (1,560 hours x $46.88 per hour).

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Notice of Removal of Civil Action to Federal Court

17.     Plaintiff also seeks damages for the emotional distress. Complaint, ¶ 12 ("As a consequence of Defendants' conduct, Plaintiff Gutierrez has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial"). Plaintiff's claim for severe emotional distress damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See*, e.g., *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id*. at 980. A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and lost wages are at issue. Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for lost wages, punitive and statutory damages, and attorney's fees, establishes that the plaintiff's total damages more likely than not will exceed the jurisdictional amount of $75,000.

18.     Additionally, Plaintiff seeks an award of attorneys' fees in connection with her claims for violations of various provisions of the California Labor Code, the California Government Code, and the California Business and Professions Code. Complaint, ¶ 15. Attorneys' fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S*, *supra*, 142 F.3d at 1156. While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *Simmons v.*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559.244.7500

Notice of Removal of Civil Action to Federal Court

1   *PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are

2   "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the

3   amount in controversy analysis); *Fritsch v. Swift Transportation Company of Arizona, LLC.*, 2018 WL

4   3748667, at *2 (9th Cir. 2018) (in deciding amount in controversy issue, court may estimate the

5   amount of reasonable attorneys' fees like to be recovered by plaintiff if she were to prevail). Moreover,

6   past cases indicate that the award of attorneys' fees alone could reach or exceed the jurisdictional

7   amount of $75,000. *See Mitchell v. GigOptix, LLC*, H036131, at*30 (Cal. Ct. App. Nov. 29, 2011)

8   (noting the trial court's attorneys' fee award of $45,017.15, representing one-fourth of the total fees,

9   for just the claims of unpaid wages, unpaid vacation, and unpaid meal breaks).

10          19.    The amount in controversy also includes punitive damages unless (1) punitive

11  damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would

12  not be entitled to recover the jurisdictional amount. *See Anthony v. Security Pacific Financial Services*,

13  75 F.3d 311, 315 (7th Cir. 1996); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250,

14  1253-1254 (5th Cir. 1998). Here, Plaintiff alleges that she is entitled to punitive damages for

15  Defendant's willful and malicious conduct, but does not provide a total amount of the alleged punitive

16  damages sought. *See* Complaint, ¶¶ 25, 35, 43, 48, and 55. With respect to punitive damages,

17  California law does not provide any specific monetary limit on the amount of punitive damages which

18  may be awarded under Civil Code section 3294, and the proper amount of punitive damages under

19  California law is based on the reprehensibility of a defendant's misdeeds, the ratio between

20  compensatory and punitive damages, and the ratio between damages and a defendant's net worth.

21  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Although Defendant vigorously

22  denies Plaintiff's allegations, if Plaintiff were to prevail on her claims, the punitive damages alone

23  could exceed the jurisdictional minimum.

24          20.    Thus, while Defendant's position is that Plaintiff is not entitled to damages in

25  any amount, the total amount in controversy appears to be, at a minimum, well over $75,000 as of the

26  date of this Notice of Removal. A calculation of the potential amount in controversy based on

27  Plaintiff's allegations establishes that it is at least $136,882.80, which is the sum of $38,750 in alleged

28  lost income to date, $73,132.80 in alleged unpaid overtime premiums, and $25,000 in alleged

7.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Notice of Removal of Civil Action to Federal Court

1  emotional distress damages. In addition, Plaintiff's request for waiting time penalties under California

2  Labor Code section 203, wage statement penalties under Labor Code section 226, punitive damages,

3  and attorney's fees make it more likely than not that the total amount in controversy exceeds the

4  jurisdictional amount of $75,000.

5       21.    Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that

6  the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a

7  civil action between citizens of different states.

8       WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant removes

9  this case from the Superior Court of the State of California, County of Orange, to the United States

10  Court for the Central District of California.

11  Dated: February 25, 2021

12

13

14  RYAN L. EDDINGS
LITTLER MENDELSON, P.C.

15  Attorneys for Defendant
PORVEN, LTD. dba PORCELANOSA USA

16  4840-8791-0106.1 051712.1047

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

8.

Notice of Removal of Civil Action to Federal Court

# EXHIBIT "A"

Electronically Filed by Superior Court of California, County of Orange, 01/21/2021 03:43:16 PM.
30-2021-01180417-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.
#:10

**RAZAVI LAW GROUP, APC**
Ali Razavi, Esq. (S.B. No. 309457)
Ali@razavilawgroup.com
Corey A. Hall (SBN: 295470)
Corey@razavilagroup.com
23052-H Alicia Parkway, Suite 101
Mission Viejo, CA 92692
Telephone: (949) 500-1926
Facsimile: (949) 209-5466

Attorneys for Plaintiff LAURA GUTIERREZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| LAURA GUTIERREZ,<br><br>        Plaintiff,<br><br>   vs.<br><br>PORVEN, LTD., dba PORCELANOSA USA, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.:<br><br>**PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION ON THE BASIS OF PREGNANCY IN VIOLATION OF FEHA;**<br><br>2. **DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF FEHA;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF FEHA;**<br><br>4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>6. **FAILURE TO PAY OVERTIME WAGES;**<br><br>7. **FAILURE TO PAY ALL WAGES, COMMISSIONS, AND BENEFITS OF THE EMPLOYMENT WHEN DUE;** |

**PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

8. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS; and**

9. **UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE.**

**DEMAND FOR JURY TRIAL**

Plaintiff, LAURA GUTIERREZ, alleges, on the basis of personal knowledge and/or information and belief:

### SUMMARY

This is an action by Plaintiff, LAURA GUTIERREZ, (hereafter, "Gutierrez" or "Plaintiff"), whose employment was wrongfully terminated while employed by Defendant PORVEN, LTD., dba PORCELANOSA USA (hereafter "Porven, Ltd."). Plaintiff Gutierrez brings this action against Defendants for economic, non-economic, compensatory, and punitive damages, pursuant to *Civil Code* section 3294, pre-judgment interest pursuant to *Code of Civil Procedure* section 3291, and costs and reasonable attorneys' fees pursuant to *Government Code* section 12965(b) and *Code of Civil Procedure* section 1021.5.

### PARTIES

1. *Plaintiff*: Plaintiff Gutierrez is, and at all times herein mentioned was, a resident of the County of Orange, California.

2. *Defendants*:

a. Defendant Porven, Ltd. is, and at all times herein mentioned was, a limited liability company existing under the laws of the State of Delaware. Defendant Porven, Ltd. is, and at all times mentioned in this Complaint, was authorized to operate by the State of California (Entity No. C4088270) and the United States government and authorized and qualified to do business in the County of Orange. Defendant's place of business was, and

is, in the County of Orange, at 1301 South State College Boulevard East, Anaheim, California 92806.

3.    *Doe Defendants*:  Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant *to Code of Civil Procedure* section 474. Plaintiff Gutierrez is informed and believes, and on that basis alleges, that each of the Defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the Co-Defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the Co-Defendants. The named Defendants and Doe Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

4.    *Relationship of Defendants*:  All Defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which is prohibited under *Government Code* section 12940(i). All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness between or among those defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud

**PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all Defendants, and were engaged in, authorized, ratified, and approved of by all other Defendants.

5.    Defendant Porven, Ltd. both directly and indirectly employed Plaintiff as defined in the Fair Employment and Housing Act ("FEHA") at *Government Code* section 12926(d).

6.    Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7.    *Plaintiff's hiring*:  Plaintiff Gutierrez was hired by Porven, Ltd. on March 29, 2014. She began work on April 2, 2014, in the Outside Sales Department. Plaintiff's starting base salary was $65,000 annually.

8.    *Plaintiff's job performance*:    Throughout her employment, Plaintiff Gutierrez performed her duties above expectations, was well liked by others, and excelled in her position. Plaintiff Gutierrez was not written up for violation of any company policies or for failure to perform the functions of her position. Plaintiff's performance evaluations show she consistently met and exceeded expectations in the different areas within which her performance was critiqued.

9.    *Plaintiff's protected status and activity:*

a.    Plaintiff was pregnant.

b.    Plaintiff told her employer she needed disability leave.

10.    *Defendant Porven, Ltd.*:

a.    Porven, Ltd. is a global manufacturer and distributor of kitchen and bath design products.

11.    *Defendant's adverse employment actions and behavior*:

///

---

-4-

**PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

a.    Plaintiff Gutierrez began working for Defendant Porven, Ltd. on April 2, 2014.

b.    Plaintiff was hired as an outside salesperson and was paid a salary of $65,000 annually.

c.    Throughout her employment, Plaintiff regularly spent more than half of her time working either at her home or at Defendant's place of business.

d.    Plaintiff's manager required Plaintiff to spend a considerable amount of time in Defendant's showroom, even when Plaintiff was ostensibly on "outside" sales meetings.

e.    Throughout her employment, Plaintiff regularly worked 50-60 hours and Defendant did not pay her any overtime.

f.    In November 2019, Plaintiff Gutierrez notified Defendant of Plaintiff's intent to start a family by way of in-vitro fertilization ("IVF").

g.    Around February 2020, Plaintiff disclosed to Defendant that she had become pregnant through IVF and was expecting a child in late 2020.

h.    On or about March 31, 2020, due to Plaintiff's "high-risk" pregnancy status, Plaintiff's fertility physician recommended that she take disability leave until April 21, 2020.

i.    In the beginning of April 2020, Plaintiff notified Defendant of her need to take disability leave. However, due to the global pandemic caused by Covid-19, Plaintiff, like much of the rest of the country, began working from home, rendering disability leave unnecessary.

j.    On or about April 10, 2020, while other employees received a temporary pay reduction of 10% of their salary, Defendant Porven, Ltd. placed Plaintiff on furlough.

k.    Although Plaintiff still had her insurance premiums paid while she was furloughed, she missed working, and the income generated by gainful and steady employment.

///

**PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1.    On or about July 21, 2020, Plaintiff received a phone call from her direct manager, Patricia Denia, and the General Manager, Eloy Selles, who informed her that her employment had been terminated effective immediately.

12.    *Economic damages*:  As a consequence of Defendant's conduct, Plaintiff Gutierrez has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

13.    *Non-economic damages*:  As a consequence of Defendants' conduct, Plaintiff Gutierrez has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

14.    *Punitive damages*:  Defendants' conduct constitutes oppression, fraud, and/or malice under *Civil Code* section 3294 and, thus, entitles Plaintiff Gutierrez to an award of exemplary and/or punitive damages.

a.    *Malice*:  Defendants' conduct was committed with malice within the meaning of *Civil Code* section 3294, including that (a) Defendants acted with intent to cause injury to Plaintiff Gutierrez and/or acted with reckless disregard for Plaintiff Gutierrez's injury, including by terminating Plaintiff's employment  and/or taking other adverse  job actions against Plaintiff because of her race, national origin, color, sexual orientation, marital status, and/or good faith complaints, and/or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

b.    *Oppression*:  In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of *Civil Code* section 3294, including that Defendants' actions against Plaintiff because of her race, national origin, color, sexual orientation, marital status, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing Disregard of Plaintiff's rights to a

workplace free of discrimination, harassment, retaliation, and wrongful employment termination.

c.    *Fraud*:  In addition, and/or alternatively, Defendants' conduct, as alleged, was fraudulent within the meaning of *Civil Code* section 3294, including that Defendants asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff Gutierrez hardship and deprive her of legal rights.

15.    *Attorney's fees*:  Plaintiff Gutierrez has incurred and continues to incur legal expenses and attorneys' fees.

16.    Exhaustion of administrative remedies: Prior to filing this action, Plaintiff Gutierrez exhausted her administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

## FIRST CAUSE OF ACTION

## (Discrimination Based on Pregnancy and Pregnancy-Related Disability in Violation of the FEHA—Government Code § 12940(a) —Against Defendants Porven, Ltd. and Does 1 to 100, Inclusive)

17.    Plaintiff Gutierrez realleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

18.    At all times herein mentioned, *Government Code* section 12940(a) was in full force and effect.  This statute made it unlawful for an employer in this state to discriminate against an employee as to the terms and conditions of employment on account of his or her disability.

19.    At all times herein mentioned, Defendant was a covered employer under *Government Code* section 12926(d).

20.    At all times herein mentioned, Defendant knew that Plaintiff Gutierrez suffered from a "high-risk" pregnancy status, Plaintiff's fertility physician recommended

that she take disability leave until April 21, 2020. On or about April 10, 2020, while other employees received a temporary pay reduction of 10% of their salary, Defendant Porven, Ltd. placed Plaintiff on furlough. Defendant terminated Plaintiff on July 21, 2020.

21.    At all times herein mentioned, Defendant discriminated against Plaintiff on account of her sex, pregnancy, and pregnancy-related disability, which ultimately lead to Plaintiff's termination.

22.    As a proximate result of Defendants' willful, knowing, and intentional discrimination, Plaintiff Gutierrez has sustained and continues to sustain substantial losses of earnings and other employment benefits.

23.    As a proximate result of Defendants' willful, knowing, and intentional discrimination, Plaintiff Gutierrez has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish in a sum according to proof.

24.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

25.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff Gutierrez to punitive damages against Defendants.

## SECOND CAUSE OF ACTION

## (Discrimination on the Basis of Sex in Violation of FEHA— Government Code § 12940(a)—Against Defendants Porven, Ltd. and Does 1 Through 100, Inclusive)

26.    Plaintiff Gutierrez realleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

27.    At all times herein mentioned, *Government Code* section 12940(a) was in full force and effect. This statute made it unlawful for an employer in this state to

discriminate against an employee as to the terms and conditions of employment on account of his or her sex.

28.    At all times herein mentioned, Defendant Porven, Ltd. was a covered employer under *Government Code* section 12926(d).

29.    In November 2019, Plaintiff Gutierrez notified Defendant of Plaintiff's intent to start a family by way of in-vitro fertilization ("IVF"). Around February 2020, Plaintiff disclosed to Defendant that she had become pregnant through IVF and was expecting a child in late 2020.

30.    On or about April 10, 2020, while other employees received a temporary pay reduction of 10% of their salary, Defendant Porven, Ltd. placed Plaintiff on furlough. Defendant terminated Plaintiff on July 21, 2020.

31.    At all times herein mentioned, Plaintiff Gutierrez's sex and her pregnancy was the substantial motivating reason for her termination.

32.    As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff Gutierrez, she has sustained and continues to sustain substantial losses of earnings and other employment benefits.

33.    As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff Gutierrez, she has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

34.    Plaintiff Gutierrez has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to *Government Code* section 12965(b), Plaintiff Gutierrez is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

35.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff Gutierrez to punitive damages against Defendants.

///

**PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## THIRD CAUSE OF ACTION

### (Failure to Prevent Harassment, Discrimination,
### or Retaliation in Violation of FEHA—Government Code
### § 12940(K)—Against Defendants Porven, Ltd.
### and Does 1 Through 100, Inclusive)

36.    Plaintiff Gutierrez realleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

37.    At all times herein mentioned, *Government Code* section 12940(k) was in full force and effect.  This statute made it unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

38.    During the course of Plaintiff Gutierrez's employment, Defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. Defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of race, national origin, color, sexual orientation, marital status, and/or other protected statuses or protected activities.

39.    During the course of Plaintiff Gutierrez's employment, Defendants failed to take reasonable steps to prevent their employees from engaging in intentional actions that resulted in Plaintiff Gutierrez being treated less favorably because of her protected status.

40.    As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff Gutierrez has sustained and continues to sustain substantial losses of earnings and other employment benefits.

41.    As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff Gutierrez has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

42.    Plaintiff Gutierrez has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to *Government Code* section 12965(b), Plaintiff Gutierrez is

entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

43.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff Gutierrez to punitive damages against Defendants.

### FOURTH CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation of Public Policy—Labor Code § 1102.5; FEHA, Government Code § 12900, et seq.—Against Defendants Porven, Ltd. and Does 1 Through 100, Inclusive)

44.    Plaintiff Gutierrez realleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

45.    Defendants terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, Plaintiff's employment was terminated in part because of because of her protected status (i.e., pregnancy, sex, and pregnancy-related disability). These actions were in violation of FEHA and the California Constitution.

46.    As a proximate result of Defendants' wrongful termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish in a sum according to proof.

47.    As a result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered general and special damages in sums according to proof.

48.    Defendants' wrongful termination of Plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

///

**PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

49.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b); *Code of Civil Procedure* sections 1021.5 and 1032, *et seq.*, Plaintiff is entitled to recover reasonable attorney's fees and costs in an amount according to proof.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against Defendants Porven, Ltd. and Does 1 to 100, Inclusive)

50.     Plaintiff Gutierrez re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

51.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff Gutierrez constituted severe and outrageous misconduct and caused her extreme emotional distress.

52.     Defendants were aware that treating Plaintiff Gutierrez in the manner alleged above, including depriving Plaintiff of her livelihood, would devastate Plaintiff and cause extreme hardship.

53.     As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

54.     As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff Gutierrez has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish in a sum according to proof.

55.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff Gutierrez to punitive damages.

///

///

///

PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SIXTH CAUSE OF ACTION

**(Failure to Pay Overtime Compensation—Violation of Labor Code §§ 510, 1194(a), And Pertinent IWC Wage Orders—Against Defendants Porven, Ltd. and Does 1 to 100, Inclusive)**

56.     Plaintiff Gutierrez realleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

57.     At all times herein mentioned *Labor Code* sections 510 and 1194(a) were in full force and effect and governed the terms and conditions of Plaintiff's employment with Defendants.

58.     Among other things, *Labor Code* section 510 provided that a non-exempt employee like Plaintiff was entitled to overtime compensation for more than 8 hours per day of work and more than 40 hours of work per week.  *Labor Code* section 1194(a) provided Plaintiff with a private cause of action to address Defendants' failure to pay overtime compensation to her.

59.     Pursuant to IWC Order 4-2001, *California Code of Regulations*, Title 8, section 11010, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

60.     At all times herein mentioned, Plaintiff Gutierrez was a non-exempt employee entitled to the protections of *Labor Code* section 510 and IWC Order 4-2001, California Code of Regulations, Title 8, § 11010. During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, or double time for hours worked in excess of twelve (12) hours or for each seventh consecutive day of eight (8) hours as required under the aforementioned labor regulations.

///

**PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

61.     As a direct consequence of the failure to pay overtime compensation to Plaintiff Gutierrez, in accordance with specific statutes in the *Labor Code*, Plaintiff has sustained compensatory damages in an amount according to proof. In addition, Plaintiff Gutierrez is entitled to statutory "waiting-time penalties" pursuant to *Labor Code* section 203 and relevant subdivisions. Plaintiff Gutierrez is also entitled to prejudgment interest on any unpaid sums for overtime compensation.

<div align="center">

**SEVENTH CAUSE OF ACTION**

**(Failure to Pay All Wages, Commissions, and Benefits of the Employment When Due–Violation of Labor Code § 201-203—Against Defendants Porven, Ltd. and Does 1 to 100, Inclusive)**

</div>

62.     Plaintiff Gutierrez realleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

63.     At all times herein mentioned *Labor Code* sections 201-203 were in full force and effect and governed the terms and conditions of Plaintiff's employment with Defendants.

64.     Among other things, *Labor Code* sections 201-203 provide that an employee is to be paid all wages, commissions and benefits of the employment that are due to him or her as of the last day of his or her employment.  Further, these statutes provide for "waiting-time" penalties in the event of an employer violation.

65.     At all times herein mentioned, Plaintiff Gutierrez was owed due wages at the time she was terminated on July 21, 2020, but was not paid due wages owed then, or at any time thereafter as required, thus causing Plaintiff to sustain the compensatory damages alleged herein in an amount according to proof at the trial of this action.

66.     This action is also brought under *Labor Code* sections 218, 218.5, and 216, which provide that any employee not receiving all wages earned by that employee is entitled to recover in a civil action, the unpaid balance of the full amount of this time worked, including interest thereon, reasonable attorney's fees, and costs of suit.

## EIGHTH CAUSE OF ACTION

### (Failure to Furnish Accurate Wage Statements—
### Pursuant to Labor Code §§ 226 and 226.3 and I.W.C.
### Wage Order No. 4—Against Defendants Porven, Ltd.
### and Does 1 to 100, Inclusive)

67.    Plaintiff Gutierrez realleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

68.    At all times herein mentioned, *Labor Code* section 226(a) and I.W.C. Wage Order No. 4 (section 7[B]) require employers semi-monthly or at the time of each payment of wages to furnish each California employee with a statement itemizing, among other things, the total hours worked by the employee. *Labor Code* section 226, provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

69.    At all times herein mentioned, Defendants acted knowingly and intentionally in failing to provide Plaintiff Gutierrez with timely, itemized statements showing the total hours worked as required by law. As a result, Defendants are liable to Plaintiff for the amount provided by *Labor Code* section 226(b), all to be determined according to proof at trial.

## NINTH CAUSE OF ACTION

### (Unfair Business Practices—Pursuant to Business
### & Professions Code, §§ 17200, Et. Seq.—Against
### Defendants Porven, Ltd. and Does 1 to 100, Inclusive)

70.    Plaintiff Gutierrez realleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

///

71.    The foregoing conduct, as alleged, violates the provisions of *Business & Professions Code* sections 17200, et seq. (hereafter "UCL").

72.    Beginning at a date unknown to Plaintiff Gutierrez, but at least as long ago as two years preceding the date this Complaint is filed, Defendants committed, and continue to commit, acts of unfair competition by, among other things, engaging in the unlawful acts and other employees of Defendants by virtue of the unfair practices set forth herein.   Defendants' conduct, as alleged herein, has injured Plaintiff by wrongfully denying her earned compensation, and therefore was substantially injurious to Plaintiff and other similarly-situated employees of Defendants.

73.    Defendants engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws:

    (A)    *California Labor Code* § 1194.

    (B)    *California Labor Code* § 510.

    (C)    I.W.C. Wage Order No. 4-2001, Section 12A.

    (D)    California Labor Code §§ 201, 202, 203, 204, and 226.

74.    Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitutes a separate and independent instance of unlawful conduct under the UCL. Additionally, Defendants' conduct described herein violates the policy of such laws or otherwise significantly threatens or harms competition and thus constitutes an unfair business practice under the UCL.

75.    The harm to the Plaintiff Gutierrez in being wrongfully denied lawfully earned wages outweighs the utility, if any, of the Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

76.    The unlawful and unfair business practices and acts of Defendants, described above, have injured Plaintiff Gutierrez in that she was wrongfully denied the payment of earned compensation.

///

77.     Plaintiff Gutierrez seeks restitution from Defendants of all ill-gotten gains obtained as a result of the unfair business practices described in this Complaint, including, but not limited to, all unlawfully withheld wages, overtime pay, and other compensation, all in an amount according to proof at the trial of this action.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1.     For general and special damages according to proof;

2.     For punitive damages according to proof;

3.     For pre-judgment exemplary damages and post-judgment interest on all damages awarded;

4.     For reasonable attorney's fees;

5.     For costs of suit incurred;

6.     For attorney's fees pursuant to Cal. Labor Code §§ 218, 218.5, and 218.6.

7.     For restitution in an amount according to proof for the Unfair Business Practices claim.

8.     For such other and further relief as the Court may deem just and proper.

DATED:  January 13, 2021                     **RAZAVI LAW GROUP, APC**

By: _____
     Corey A. Hall, Esq.
     Attorneys for Plaintiff,
     LAURA GUTIERREZ

**PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Gutierrez demands a jury trial.


DATED:  January 13, 2021                    **RAZAVI LAW GROUP, APC**

By: _____
        Corey A. Hall, Esq.
        Attorneys for Plaintiff,
        LAURA GUTIERREZ

**PLAINTIFF LAURA GUTIERREZ'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

# EXHIBIT "B"

1   RYAN L. EDDINGS, Bar No. 256519
    LITTLER MENDELSON, P.C.
2   5200 North Palm Avenue, Suite 302
    Fresno, California  93704.2225
3   Telephone:   559.244.7500
    Facsimile.:   559.244.7525
4   Email:       reddings@littler.com

5

6   Attorneys for Defendant
    PORVEN, LTD. dba PORCELANOSA USA

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ORANGE

10  LAURA GUTIERREZ,                    Case No. 30-2021-01180417-CU-WT-CJC

11              Plaintiff,              **DEFENDANT'S GENERAL DENIAL AND
                                        AFFIRMATIVE DEFENSES TO
12        v.                            PLAINTIFF'S UNVERIFIED COMPLAINT**

13  PORVEN, LTD., dba PORCELANOSA       Assigned For All Purposes to Judge Linda Marks
    USA, a Delaware Corporation; and DOES
14  1through 100, inclusive,
                                        Trial Date: TBD
15              Defendants.             Complaint Filed:  January 21, 2021

16

17          Defendant PORVEN, LTD. dba PORCELANOSA USA ("Defendant"), answering the

18  Complaint of Plaintiff LAURA GUTIERREZ ("Plaintiff") for itself alone and for no other Defendants,

19  hereby answers Plaintiff's unverified Complaint (the "Complaint") as follows:

20                              **GENERAL DENIAL**

21          Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d),

22  Defendant denies generally and specifically each and every allegation contained in the Complaint.  In

23  addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the

24  manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or

25  absence thereof on the part of said Defendant.

26                            **AFFIRMATIVE DEFENSES**

27          Without waiving or excusing the burden of proof of Plaintiff, or admitting that

28  Defendant has any burden of proof, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of consent.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because after-acquired evidence bars any remedy or certain remedies in this action.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because to the extent that Plaintiff may be entitled to any recovery, any recovery must be reduced by reason of Plaintiff's failure to mitigate her damages, if any.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2.

General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

**NINTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*, and Section 132a of the California Labor Code, in that: (1) the injuries complained of occurred when both Plaintiff and Defendant were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to her employment and was acting within the course and scope of her employment; and, (3) Plaintiff alleges that the injuries were caused by her employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because they are barred by the statute of limitations as set forth in California Code of Civil Procedure sections 337(a), 338(a), 339(1), 340(a), Labor Code Section 226(a), and Government Code sections 12960 and 12965.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Defendant: (a) maintained anti-harassment and anti-discrimination policies and/or open door policies with a Complaint procedure; and, (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for damages are barred by the doctrine of avoidable consequences.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by all sums received by Plaintiff from any source, including, but not limited to, unemployment insurance, private insurance, state

3.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

1  disability insurance, Social Security disability payments, workers' compensation payments, pension
2  benefits, and any sums earned by Plaintiff in other employment.

3  <center>**FOURTEENTH AFFIRMATIVE DEFENSE**</center>

4  As a separate and distinct affirmative defense, Defendant alleges that the Complaint
5  and each cause of action set forth therein cannot be maintained against Defendant because Defendant's
6  conduct was protected by the managerial privilege in that all actions taken with respect to Plaintiff's
7  employment were undertaken and exercised with proper managerial discretion in good faith, and for
8  proper, lawful reasons.

9  <center>**FIFTEENTH AFFIRMATIVE DEFENSE**</center>

10  As a separate and distinct affirmative defense, Defendant alleges that the Complaint
11  and each cause of action set forth therein cannot be maintained against Defendant because Plaintiff
12  failed to exercise reasonable and ordinary care, caution and/or prudence in order to avoid the alleged
13  incidents, and the alleged injuries and damages, if any in fact were suffered and such, were proximately
14  caused and/or contributed to by Plaintiff's own negligent and/or intentional conduct.

15  <center>**SIXTEENTH AFFIRMATIVE DEFENSE**</center>

16  As a separate and distinct affirmative defense, Defendant alleges that the entire
17  Complaint, and each cause of action alleged therein, is barred by Plaintiff's failure to exhaust
18  administrative remedies.

19  <center>**SEVENTEENTH AFFIRMATIVE DEFENSE**</center>

20  As a separate and distinct affirmative defense, Defendant alleges that the Complaint,
21  and each cause of action alleged therein, is barred by Plaintiff's failure to exhaust all internal grievance
22  and/or complaint procedures.

23  <center>**EIGHTEENTH AFFIRMATIVE DEFENSE**</center>

24  As a separate and distinct affirmative defense, Defendant alleges that with respect to
25  the Complaint and each cause of action alleged therein, any damages incurred by Plaintiff were directly
26  and proximately caused and contributed to by the acts, conduct and/or omissions of third persons
27  and/or entities.

28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

4.

General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the entire Complaint, and each cause of action alleged therein is barred in whole or in part to the extent that they exceed the scope of the charges made by Plaintiff before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, any employment practice maintained by Defendant, to the extent such practice may have impacted Plaintiff with respect to any alleged protected status, is justified either as a bona fide occupational qualification, by business necessity (including undue hardship), by job relatedness, by security regulations, by non-discrimination or affirmative action plans and/or by requirement of law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff suffered no harm or other prejudice as a result of Defendant's alleged failure to initiate or properly conduct the interactive process because, at all material times, a reasonable accommodation of Plaintiff's alleged disability was not possible, so that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part, or fail as a matter law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that some or all of Plaintiff's claims for damages are barred by the doctrine of set-off.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff is not entitled to recover punitive, exemplary, or emotional distress damages on the grounds that any award of punitive, exemplary, or emotional distress damages under California law in general, and/or as applied to the facts of this specific action, violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

1  States Constitution, and Article I, Sections 7 and 17 and Article IV, Section 16 of the California

2  Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

4  As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

5  and each cause of action therein, is barred because if any unlawful discriminatory or retaliatory motive

6  existed in connection with any employment decision involving Plaintiff, such employment decision

7  would have been the same irrespective of any allegedly unlawful discriminatory or retaliatory motive.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

9  As a separate and distinct affirmative defense, Defendant is informed and believes that

10  a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, the

11  claims of Plaintiff is barred by Plaintiff's own breach of the duties owed to Defendant under all

12  applicable state and federal laws including, but not limited to, California Labor Code sections 2854,

13  2856, 2857, 2858 and/or 2859.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

15  As a separate and distinct affirmative defense to the Complaint, Defendant alleges that

16  any violation of the Labor Code or an Order of the Industrial Welfare Commission was not willful,

17  and was an act or omission made in good faith and Defendant had reasonable grounds for believing

18  that the wage payment practices complied with applicable laws and that any such act or omission was

19  not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff

20  is not entitled to any penalties or damages in excess of any wages which might be found to be due.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

22  As a separate and distinct affirmative defense to the Complaint, Defendant alleges that

23  the Complaint, and each cause of action therein, or some of them, are barred because the applicable

24  wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and

25  violate Defendant's rights under the United States Constitution and the California Constitution as to,

26  among other things, due process of law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

6.

General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

1   Complaint cannot be maintained because purported cause of action contained therein, is barred in
2   whole or in part by the *de minimis* doctrine.

3   ### TWENTY-NINTH AFFIRMATIVE DEFENSE

4           As a separate and distinct affirmative defense, Defendant alleges that any
5   accommodation suggested or requested by Plaintiff (if any there was) was unreasonable and/or
6   amounted to an undue hardship to Defendant.

7   ### RESERVATION OF ADDITIONAL DEFENSES

8           Defendant alleges that because Plaintiff's Complaint is couched in conclusory terms,
9   all affirmative defenses that may be applicable cannot be fully anticipated at this time. Accordingly,
10  the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses
11  are applicable, is reserved. Additionally, Defendant reserves the right to amend this Answer should
12  Defendant later discover facts demonstrating the existence of new and/or additional affirmative
13  defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative
14  defenses.

15  ### JURY DEMAND

16          Defendant demands a jury on all issues triable to a jury.

17  ### PRAYER

18          WHEREFORE, Defendant prays as follows:

19          1.      That Plaintiff takes nothing by way of the Complaint on file herein;

20          2.      That judgment be awarded in favor of Defendant;

21          3.      That Plaintiff's Complaint be dismissed in its entirety as to Defendant;

22          4.      That Defendant be awarded all costs of suit incurred by them in this action;

23          5.      That Defendant be awarded its reasonable attorneys' fees; and

24          6.      For such other and further relief as the Court may deem just and proper

25
26
27
28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

7.

General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

1   Dated:  February 24, 2021

2

3                                    _____

4                                    RYAN L. EDDINGS
                                     LITTLER MENDELSON, P.C.
                                     Attorneys for Defendant
5                                    PORVEN, LTD. dba PORCELANOSA USA

6   4850-2401-4046.1 051712.1047

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

**PROOF OF SERVICE**

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On February 24, 2021, I served the within document(s):

***DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT***

☒    **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Ali Razavi
Corey A Hall
RAZAVI LAW GROUP, APC
23052-H Alicia Parkway, Suite 101
Mission Viejo, CA 92692
Tel: (949) 500-1926
Fax (949) 209-5466
Email: Ali@razavilagroup.com
Corey@razavilagroup.com

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 24, 2021, at Fresno, California.

_____
Lisa Hammond

# EXHIBIT "C"

Electronically Filed by Superior Court of California, County of Orange, 01/21/2021 03:43:16 PM.
30-2021-01180417-CU-WT-CJC - ROA #3 - DKM/DH, YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.
Case #30-2021-01180417-CU-WT-CJC Page ID #:39

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> ─ Razavi Law Group, APC <br> Ali Razavi (SBN 309457) <br> 23052-H Alicia Parkway, Suite 101 <br> Mission Viejo, California 92692 <br> TELEPHONE NO.: (949) 500-1926   FAX NO.: (949) 209-5466 <br> ATTORNEY FOR *(Name):* Plaintiff LAURA GUTIERREZ | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
LAURA GUTIERREZ v. PORVEN, LTD., et al.

| CIVIL CASE COVER SHEET <br> ☑ **Unlimited**   ☐ **Limited** <br> (Amount   (Amount <br> demanded   demanded is <br> exceeds $25,000)   $25,000 or less) | Complex Case Designation <br> ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br><br> JUDGE: <br><br> DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
Ali Razavi
_____        ►_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

Electronically Filed by Superior Court of California, County of Orange, 01/21/2021 03:43:16 PM.
30-2021-01184417-CU-WT-CJC - ROA #4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.
#:41

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="text-align:right">

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PORVEN, LTD., dba PORCELANOSA USA, a Delaware Corporation;
and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAURA GUTIERREZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*

Orange County Superior Court - Central Justice Center
700 Civic Center Drive West, Santa Ana, California 92701

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ali Razavi (SBN:309457), 23052-H Alicia Parkway, Suite 101 Mission Viejo, California 92692

Tel: (949) 500-1926  Fax: (949) 209-5466

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

<div style="text-align:right">

Page 1 of 1

</div>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT "D"

1  RYAN L. EDDINGS, Bar No. 256519
   LITTLER MENDELSON, P.C.
2  5200 North Palm Avenue, Suite 302
   Fresno, California  93704.2225
3  Telephone:  559.244.7500
   Facsimile.:  559.244.7525
4  Email:      reddings@littler.com

5

6  Attorneys for Defendant
   PORVEN, LTD. dba PORCELANOSA USA

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF ORANGE

10 LAURA GUTIERREZ,                    Case No.  30-2021-01180417-CU-WT-CJC

11              Plaintiff,             **DEFENDANT PORVEN, LTD. dba**
                                       **PORCELANOSA USA'S NOTICE TO**
12       v.                            **PLAINTIFF OF REMOVAL OF CIVIL**
                                       **ACTION TO FEDERAL COURT**
13 PORVEN, LTD., dba PORCELANOSA
   USA, a Delaware Corporation;  and DOES   Assigned For All Purposes to Judge Linda Marks
14 1through 100, inclusive,

15              Defendants.            Trial Date: TBD
                                       Complaint Filed:  January 21, 2021
16

17         TO PLAINTIFF AND TO PLAINTIFF'S COUNSEL OF RECORD:

18              PLEASE TAKE NOTICE that on February 25, 2021, Defendant PORVEN, LTD. dba

19 PORCELANOSA USA ("Defendant"), filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332,

20 1441, and 1446, in the United States District Court for the Central District of California. A true and

21 correct copy of Defendant's Notice of Removal is attached hereto as Exhibit 1.

22 Dated: February 25, 2021

23

24                                     _____
                                       RYAN L. EDDINGS
25                                     LITTLER MENDELSON, P.C.
                                       Attorneys for Defendant
26                                     PORVEN, LTD. dba PORCELANOSA USA

27 4835-1840-3290.1 051712.1047

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Defendant's Notice to Plaintiff of Removal of Civil Action to Federal Court

## **PROOF OF SERVICE**

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On February 25, 2021, I served the within document(s):

       ***DEFENDANT PORVEN, LTD. DBA PORCELANOSA USA'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT***

☒    **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Ali Razavi
Corey A Hall
RAZAVI LAW GROUP, APC
23052-H Alicia Parkway, Suite 101
Mission Viejo, CA 92692
Tel: (949) 500-1926
Fax (949) 209-5466
Email: Ali@razavilagroup.com
Corey@razavilagroup.com

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 25, 2021, at Fresno, California.

_____
Lisa Hammond

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

# EXHIBIT "E"

1  RYAN L. EDDINGS, Bar No. 256519
   LITTLER MENDELSON, P.C.
2  5200 North Palm Avenue, Suite 302
   Fresno, California  93704.2225
3  Telephone:   559.244.7500
   Facsimile.:   559.244.7525
4  Email:       reddings@littler.com

5

6  Attorneys for Defendant
   PORVEN, LTD. dba PORCELANOSA USA

7

8              SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF ORANGE

10  LAURA GUTIERREZ,                    Case No. 30-2021-01180417-CU-WT-CJC

11              Plaintiff,              **DEFENDANT PORVEN, LTD. dba
                                        PORCELANOSA USA'S NOTICE TO
12         v.                           STATE COURT OF REMOVAL OF CIVIL
                                        ACTION TO FEDERAL COURT**
13  PORVEN, LTD., dba PORCELANOSA
    USA, a Delaware Corporation;  and DOES   Assigned For All Purposes to Judge Linda Marks
14  1through 100, inclusive,

15              Defendants.             Trial Date: TBD
                                        Complaint Filed:  January 21, 2021
16

17         PLEASE TAKE NOTICE that on February 25, 2021, the above-captioned matter was

18  removed from the Superior Court of the State of California, County of Orange, where it was previously

19  pending, to the United States District Court for the Central District of California, pursuant to 28 U.S.C.

20  §§ 1332, 1441, and 1446. A copy of the Notice of Removal filed by Defendant PORVEN, LTD. dba

21  PORCELANOSA USA is attached hereto as Exhibit 1.

22         PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing

23  of a Notice of Removal in the United States District Court, together with the filing of a copy of a

24  Notice of Filing  Notice of Removal with this Court, effects the removal of this action, and this Court

25  may proceed no further unless and until the case is remanded.

26

27

28

LITTLER MENDELSON, P.C.
   5200 North Palm Avenue
        Suite 302
Fresno, CA  93704.2225
     559.244.7500

Defendant's Notice to State Court of Removal of Civil Action to Federal Court

1    Dated:  February 25, 2021

2

3    _____
     RYAN L. EDDINGS
4    LITTLER MENDELSON, P.C.
     Attorneys for Defendant
5    PORVEN, LTD. dba PORCELANOSA USA

6    4842-5332-3994.1 051712.1047

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

Defendant's Notice to State Court of Removal of Civil Action to Federal Court

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On February 25, 2021, I served the within document(s):

***DEFENDANT PORVEN, LTD. DBA PORCELANOSA USA'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT***

☒       **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Ali Razavi
Corey A Hall
RAZAVI LAW GROUP, APC
23052-H Alicia Parkway, Suite 101
Mission Viejo, CA 92692
Tel: (949) 500-1926
Fax (949) 209-5466
Email: Ali@razavilagroup.com
Corey@razavilagroup.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 25, 2021, at Fresno, California.

_____
Lisa Hammond

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE